## Elliott E. Boudinot v. Edwin Winter, Adm'r, etc.

1. FORECLOSURE—*What Makes a Prima Facie Case for the Complainant.*—The complainant in a foreclosure proceeding, by introducing the notes and mortgage makes a *prima facie* case, and the burden is upon the defendant to prove the defenses set forth in his answer.

2. CHANCERY PRACTICE—*Effect of Calling for the Production of Documentary Evidence.*—The court knows of no principle which will enable a party to call upon his adversary for the production of documentary evidence, and when so produced claim the benefit of such portion thereof as may be to his advantage, and at the same time reject that part which tends against him, and deprive his opponent also of the right to its use.

3. ADMINISTRATION OF ESTATES—*Administrator's Duty as to Real Estate of His Intestate.*—An administrator has no duties to perform and no liabilities accrue in respect to the real estate of his decedent, excepting merely to sell the same to pay debts in case of a deficiency of personal assets.

Foreclosure.—Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed September 11, 1900.

LAWRENCE & LAWRENCE, attorneys for appellant.

G. F. REARICK, attorney for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellee, as the administrator of S. James McKee, deceased, filed his bill in equity to foreclose a mortgage executed by appellant for $4,000, May 17, 1889, with seven

per cent interest, payable semi-annually, to Charles E. Houghton, upon an undivided half interest in certain city property in Danville, of which McKee owned the other half. Appellant filed answer to the bill, in which it is claimed, in substance, that by agreement between the joint owners, November 17, 1889, McKee was to, and did, assume control of all the buildings upon the property, except the third story thereof, receive the rents, including $1,100 back rent, pay the taxes, and for repairs, and with appellant's one-half of the residue, was to pay the interest upon the mortgage and apply the remainder upon the Houghton note; that appellant had control of the third story since July 1, 1893, and that deceased collected $14,000 rents, expended $9,000, paid $1,260 interest on the mortgage, and at his death had a surplus in his hands of $1,240 due to appellant, and since the death of McKee his heirs have received as rent $1,400; that while deceased controlled the property, he, by his negligence, lost $1,759, rents he might, by ordinary diligence, have received. The answer admits the receipt of $2,250 by appellant as rents from the third story, and claims an expenditure of $800 for necessary repairs. It is also claimed in the answer that the mortgage having been then owned by Helen C. Cole, she extended the time from March 9, 1897, for a consideration, to May 17, 1900, to whom interest was paid until the assignment to McKee. Appellant also filed a cross-bill containing substantially the matter of his answer with the addition that although the loan was in the name of Houghton, it was, in fact, McKee who furnished the money and owned the security, and at such time appellant paid $120 additional interest, thereby creating usury, and the assignment by Houghton had no legal effect. The cross-bill also avers that McKee kept the entire account of the renting, receiving rents and expenditures, and has books and memoranda relating thereto; no settlement thereof has ever been had. Appellant has no book accounts, memoranda, writings or other means by which to determine the amount of rents received, and no means of knowing the relation of Houghton and McKee or the amount paid

directly by appellant for the first year's use of the $4,000. That McKee was a careful, methodical business man and kept books of accounts, receipts, memoranda and other writings, which contain a full and detailed recital of the whole of said transactions, and concludes with prayer for an answer waiving the oath. That defendant make full and complete discovery of all the matters charged, and if he knows of the transactions of his personal knowledge; what are shown upon the ,books of account, cash book, journal, pass books or other memoranda or documents in writing, belonging to deceased, and that he make diligent and reasonable search, without unnecessary delay, to ascertain the facts, and that he answer fully, specifically and in detail as to each and every thing found or known by him in regard to said transactions. Appellee answered the cross bill, giving the accounts called for from the books and writings of the · deceased, "fully, specifically and in detail," both of receipts and expenditures of rents, which answer was sworn to by appellee in the usual form in such cases. Replications were filed to the answers to the original and cross-bills, and issues having been thus formed, the cause was referred to the master to take the evidence and report the same with his conclusions of law and fact, and having so reported, to which appellant duly objected and excepted, the court, upon the final hearing, in all substantial or material respects overruled the exceptions and gave final decree against appellant of foreclosure for $8,018.40, and for balance of rents, $381.01, to reverse which he brings this appeal, and to effect such reversal has argued various alleged errors, chief among which are that the decree is not supported by the evidence, and that the court erred in giving the effect of a sworn answer to the cross-bill.

When appellee introduced in evidence the notes and mortgage, as he did, the same being in his possession and assigned to McKee, a *prima facie* case for the foreclosure thereof was made against appellant, and the burden of proof was upon him to show the arrangement with McKee, set forth in his answer, was true, and that McKee had received rents belong-

ing to him, or to show some other affirmative matter of defense, having the effect to discharge the obligation of the note and mortgage. Appellant contends the evidence in the case, and the answer to the cross-bill combined, accomplish the purpose of sustaining his theory of defense, and this formed the principal matter for determination by the trial court and the same contention is renewed in this court. Independently of the answer to the cross-bill we think the evidence falls far short of establishing such defense. It is, however, contended that the answer to the cross-bill is to be treated as a pleading, and in so far as it admits the receipts of rents is to be taken against appellant, but that wherein it asserts expenditures, appellee is required to furnish proof by a preponderance of the evidence before any advantage would accrue to him by reason of anything claimed in the answer by way of discharge; and inasmuch as the cross-bill waives the oath to the answer, such answer can not be treated as evidence.

If the cross-bill is entitled to be treated as distinctly a bill for discovery only, then appellant could not, under the plain provisions of the statute, waive the oath to the answer or preclude the effect of such answer when so filed. But in the conclusion we have reached in respect to this question, we do not deem it material whether the cross-bill is to be treated as a mere bill for discovery or not, as the effect upon a proper decision of the case would be the same. If the cross-bill is a mere bill for discovery, it was only for the purpose of disclosing the books of accounts of the deceased, about which it is not claimed by either side appellee had any personal knowledge, except perhaps as to their identity. He could not, and did not, assume to know, or swear the books of account were correct or accurate, and his oath to the answer in this respect, as an evidentiary matter, did not add to or detract from their probative force. There was nothing peculiar within the knowledge of appellee that appellant could not gain by other simple means, such as notice to produce and the like, without a resort to a bill of discovery, and whether the cross-bill should be treated as a

bill of discovery, or a mere notice to·produce the books of
account and other writings and memoranda of McKee, the
effect, it seems to us, is the same and none other.   In
response to the requirements of the cross-bill, and therefore
at appellant's request, the books of account were set up in
the answer, and we do not understand 'it is claimed, when
produced in evidence, they are different in any material
respect from the description given in the answer.   The
case, then, is in this position : appellant avers in his cross-bill
he himself kept no books of account; that McKee did keep
the entire account of renting, receiving rents and expendi-
tures, and that McKee was a careful, methodical business
man and kept such accounts, which contained a full and
detailed recital of the whole transactions; and appellant hav-
ing no other means of proving the matters contained in his
cross-bill, called for the production of McKee's books, writ-
ings and memoranda, and at his instance they were so pro-
duced.   They may have been disappointing in respect to
what they prove, but be that as it may, we know of no prin-
ciple that will enable a party to a suit to call upon his adver-
sary for the production of documentary evidence, and when
so produced, claim the benefit of such part or portion thereof
as may be to his advantage, and at the same time reject
such part as tends against him, and also deprives his oppo-
nent of the right to its use.   It is not a question here whether
the answer is to be treated as a pleading merely, for in such
case, no doubt appellant's contention is sound; but it is to
be considered as a  question of the use by appellant at his
own instance, of the books of the deceased, as evidence in
the case, which he himself says in his bill, in legal effect, are
accurate.   There is no force in appellant's insistence the
answer producing the books including the account for
expenditures, is not responsive to the cross-bill.   It is directly
responsive, and in answer to the cross-bill wherein it avers,
as it does, that McKee kept the entire account of renting,
receiving rents and expenditures, and required a full and
complete discovery or production of the things charged.

We are of the opinion the decree charges the estate of

McKee with all that it is liable for, in consequence of the negligence of the deceased in failing to rent the property or collect rents, and we are satisfied with the finding of the master in this respect, and upon the evidence that was before the court, the finding that appellant owed a balance of rents in his hands of $381.01 is sustained. It is true he claimed a credit of $800 for expenditures, but there is not sufficient evidence upon which it could be justly allowed. Neither is there merit in the insistence that appellee, as administrator, should be charged with rents received by the heirs of McKee since his death, as it is well known by all that an administrator has no duties to perform, and no liabilities accrue in respect to the real estate of his decedent, but merely to sell the same to pay debts in case of a deficit of personalty for such purpose.

Upon the whole record we are satisfied with the decree and believe it as nearly reflects the justice of the case as the facts warrant. We are of the opinion the cross-errors are without merit, and the same is true of the motion by appellee to award damages against appellant under the provisions of the statute concerning appeals for delay. We can not say that appellant has brought this appeal for delay merely, but on the contrary, from the earnestness and plausibility with which counsel have presented their argument, by which a reversal of the decree is sought, we conclude it was not brought for such purpose, and the motion will be denied.

Finding no error in the decree of the Circuit Court it will be affirmed.