Samuel Witting, Defendant in Error, v. Carl Claras et al. Peter Gribulis and Frances Gribulis, Plaintiffs in Error.

Gen. No. 37,184.

450

Heard in the first division of this court for the first district at the December term, 1933. ▮ Opinion filed April 2, 1934.

JOHN T. ZURIS, for plaintiffs in error.

BERGER & NEWMARK, for defendant in error; LAWRENCE S. NEWMARK and GERALD G. BOLOTIN, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal the defendants seek to reverse a decree entered in a foreclosure suit. Complainant produced the notes and trust deed and they were received in evidence. Complainant was then called as a witness for defendants and testified that he was second vice president of the Continental Illinois Bank and employed in the trust department; that he obtained the notes in question (which were then in default) from Mr. Tosch, an officer of the bank, for the purpose of foreclosure; that the equitable owners of the notes were certain trusts in the Continental Illinois Bank; that he did not know the people who were interested in the trusts.

A. C. Tosch testified that he was assistant secretary of the bank; that he turned the notes over to complainant, pursuant to authority from the note owners and of the officers of the bank in charge of the trust account.

The sole contention of the defendants is that the complainant was not the legal holder or owner of the notes; that he had no beneficial interest in them and therefore could not maintain the bill to foreclose the trust deed. We think there is no merit in this contention. *Bourke v. Hefter,* 202 Ill. 321; *Hirsh v. Arnold,* 318 Ill. 28; *Morrison v. Steinberg,* 151 N. Y. S. 607;

*National Bank of Rochester v. Erion-Haines Realty Co.*, 206 N. Y. S. 452.

In the *Bourke* case a bill was filed to foreclose a mortgage. The complainant testified that ·the notes "were transferred to him for the purpose of commencing foreclosure proceedings, and that he paid nothing for them. . . .

"The court found that appellee (complainant) was the legal holder of the notes." It was contended that the decree was wrong because the real owner of the note should have been made a party to the suit. The court said (p. 323): "There was no evidence as to the real owner of the notes. They were in the possession of Greenebaum Bros., and were delivered to appellee for the purpose of bringing suit and he was clothed with the legal title to them. Appellant was not prevented from making any equitable defense she had to the notes. . . . The real owner having put the notes in the power of the appellee by having them endorsed to him unconditionally, cannot be heard to complain, and, as we have seen, no harm was done appellant thereby."

In the instant case the defendants were invited to present any defense they might have to the notes, but none was presented. The notes were negotiable and passed by delivery. Sec. 30, ch. 98, Cahill's 1933 statutes. Complainant was the legal holder of the notes and was entitled to maintain foreclosure, and there is no contention that the defendants were in anywise injured.

The *Hirsh* case (318 Ill. 28), was a bill to foreclose a mortgage. It appeared that Hirsh, the complainant, was chairman of the board of trustees of the Grand Lodge. Defendants denied that complainant Hirsh was the owner of the notes and trust deed. It appeared from the evidence that he had no beneficial interest in the notes but it was held that he could maintain fore-

closure, and while the lodge, the beneficial owner, might have been made a party complainant, it was not necessary that this be done.

In the *Morrison* case (151 N. Y. S. 607), it was contended that plaintiff in a suit to foreclose was not the real party in interest and therefore could not maintain the action. The court denied this contention and said (p. 609): "But the plaintiff holds the bond and mortgage by a written assignment from Silverstein. He had the legal title at the time the action was commenced, and while it is true the testimony shows they were assigned to him merely for the purpose of bringing the action, that in no way invalidates the assignment."

The notes and trust deed having been produced by complainant, and the defendants being entitled to interpose any defense they might have, and no defense having been interposed, they were in nowise injured. Plaintiff was the legal holder of the notes and entitled to maintain foreclosure.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.