Richmond D. Thomason and George P. Phillip, Appellees, v. Adolph J. Krasa et al.
Appeal of Adolph J. Krasa et al., Appellants.

Gen. No. 39,269.

Opinion filed October 20, 1937.

ADOLPH J. KRASA and KLENHA & GREENFIELD, both of Chicago, for certain appellants; ADOLPH J. KRASA and WILLIAM E. ANDERLE, both of Chicago, of counsel.

JOHN A. CERVENKA, JR. and THEODORE A. SPENCE, both of Chicago, for certain other appellants; JOHN A. CERVENKA, JR., of Chicago, of counsel.

HERMAN A. FISCHER and CARLTON L. FISCHER, both of Chicago, for appellees.

MR. JUSTICE HALL delivered the opinion of the court.

Defendants appeal from a decree of sale entered in the circuit court of Cook county on July 10, 1936, in a foreclosure proceeding, brought to foreclose a mortgage trust deed on real estate, and from a series of orders entered in the cause prior to the date of the entry of the decree. The petition upon which the decree was entered, was filed by Richmond D. Thomason on July 28, 1931, and seeks the foreclosure of a trust deed given by defendants, Adolph J. Krasa and Mabel M. Krasa, his wife, to secure bonds in the total sum of $70,000, of which $7,000 had previously been paid. The bill recites the facts as to the execution of certain bonds, their denominations, and the trust deed by which certain real estate was conveyed to the Garfield State Bank, as trustee. Each of the bonds contains the following provision: "It is further expressly agreed that if default be made in the payment of any one of said Bonds or Coupons at the time and place

where and when the same become due, and such default shall continue for 30 days, then the said entire principal sum of this Bond shall, at the election of the legal holder hereof at once become due and payable, such election to be made at any time after the expiration of said 30 days, without notice, and the entire principal sum secured by said trust deed may thereupon become due and payable at the election of the legal holder or holders of any one or more of said Bonds, upon the terms and under the conditions prescribed in the trust deed.''

Articles VI and XI of the trust deed contain the following provisions, respectively:

''(VI). It is further covenanted and agreed that in case of default for a period of 30 days in making payment of any of said bonds, either of principal or interest, then the whole of said principal sum secured hereby shall at once, (without notice thereof to any person interested) at the option of the holder of any one of said bonds then unpaid, become due and payable.''

''(XI). The exclusive right of action hereunder shall be vested in said trustee until refusal on its part to act, and no bondholder shall be entitled to enforce these presents in any proceeding in law or in equity until after demand has been made upon the trustee accompanied by tender of indemnity as aforesaid, and said trustee has failed or refused to act in accordance with such demand.''

On July 23, 1931, the plaintiff Thomason gave the trustee, Garfield State Bank, the following notice:

''Chicago, Illinois.
July 23, 1931.

''Garfield State Bank,
Chicago, Illinois.

''Gentlemen:

''The undersigned, Richmond D. Thomason, being the legal owner and holder of one of the bonds made

and executed by Adolph J. Krasa and Mabel M. Krasa, his wife, and secured by trust deed made to you as trustee dated and recorded in the Recorder's Office of Cook County, Illinois, as Document No. 9717631, and having elected to declare the whole of the principal sum secured by said trust deed at once due and payable by reason of default for a period of thirty days in making payment of principal on said bonds which fell due on February 10, 1931, hereby requests and demands of you that you institute a suit for foreclosure of said trust deed, and tenders and offers to deposit said bond so held by him secured by said trust deed, and offers and tenders to give you such assurance of indemnity for your disbursements and fees as you may require, and tenders you such indemnity, and requests you to indicate what assurance of indemnity you will require.

"Richmond D. Thomason."

To this letter, plaintiff received a reply from the president of the bank to the effect that the trustee bank was closed, and was in the hands of the auditor of public accounts of the State of Illinois.

By the complaint filed, plaintiff alleges that he is the legal owner and holder of one of the bonds bearing the serial number 126, in the principal sum of $100, the principal of which became due on August 10, 1934, together with certain interest coupons appertaining to the bonds, which were in default on August 10, 1930, and that the defendants had defaulted in the payment of bonds numbered 15, 16 and 17, due February 10, 1931; that he brought suit on behalf of himself, together with each and every owner or holder of bonds, with the intent and purpose that any action taken by the court should inure to the benefit of each and every bondholder and interest coupon holder. Thereafter, the bill was amended and one Rees Beynon was made an additional party defendant. Also, one George P. Phillip, who, subsequently to the filing of

the original bill, had been appointed successor trustee in place of the Garfield State Bank, under the terms of the trust deed, was given leave to join as a party complainant. The Garfield State Bank had theretofore resigned its trusteeship. Leave was also given plaintiffs to file a supplemental bill, which was filed on October 7, 1931, in which it is averred that on August 12, 1931, a receiver had been appointed for the Garfield State Bank, that the receiver had resigned as trustee under the trust deed, that the resignation had been filed of record under and in pursuance of the terms of the trust deed, that a majority of the bondholders of the bonds secured by the trust deed had, in writing, appointed Phillip as successor trustee, and that this instrument was duly recorded on September 24, 1931. It is further recited in the supplemental bill that the plaintiffs prosecute the suit as representing all of the bondholders, and for the benefit of the bondholders according to their respective rights. Defendants were duly served with process and defaulted, and the cause was referred to a master in chancery, and hearings were had on the bill and considerable testimony heard.

On May 2, 1935, an order was entered setting aside the default of the defendants, Adolph J. Krasa and Mabel M. Krasa. John M. Krasa had also been made a party defendant to the complaint, and all of the defendants were given leave to file their appearances, and to plead, answer or demur to the complaint so amended and supplemented, within 15 days from May 2, 1935. Thereafter, these three defendants filed an answer in which they alleged that bonds numbered 1 to 14 inclusive had been paid in full, and that $2.58 had been paid on account of certain interest due on February 10, 1931. In this answer they denied that plaintiff was the legal owner of bond number 126 in the principal sum of $100, and deny that there is

any default in the payment of interest due August 10, 1930, and allege that by virtue of an agreement with the Garfield State Bank, as trustee, no bill to foreclose the trust deed could be filed if the entire net rentals derived from the mortgaged premises be paid to the trustee in monthly instalments, and that under the terms of the trust deed, plaintiff had no right to exercise the option set forth in the trust deed and to declare the whole of said principal sum to be due and payable. They also deny that plaintiff had any right of action under the terms of the trust deed, and deny that George P. Phillip, as successor trustee, was authorized to maintain the bill of complaint.

After the filing of the amended and supplemental complaint, the parties appeared at various times before the master. On July 2, 1935, the master entered an order to the effect that proofs should be closed by July 8, 1935, and in view of the fact that no further proof was offered, the master declared the proofs closed, and recommended that the prayers of the bill, as amended and supplemented, be granted. Thereafter, the master sent out a notice, with a copy of his report, to the solicitors for the parties in interest. Defendants, Adolph J. Krasa and Mabel M. Krasa, filed objections to the master's report, which were disallowed, except that they were given credit of $165.47, which had not been given in the original report. After the hearing of exceptions to the master's report before the court, a reference was made to the master as to certain of the bonds. Upon a rehearing, the master found that three of the bonds had been presented for payment to the bank, and that the amounts due thereon were advanced by the bank. On April 24, 1936, defendants presented a petition to the court, in which they allege that plaintiff was not the owner of bond number 126, on which he predicated his action. Thereafter, an order was entered denying

the petitions of the Krasas, and on July 10, 1936, after a hearing, the court entered the decree of foreclosure from which this appeal is taken.

It is the contention of the defendants that, under the terms of the bonds and trust deed, Thomason, the plaintiff, had no right to file the bill of complaint, and that the court acquired no jurisdiction of the subject matter. It is also contended that Phillip, as successor trustee, had no right of action, and had no right to become a party plaintiff in the suit. Also, that the master, in making his report, made unauthorized material changes and alterations in the testimony of the witnesses. We will first consider the two first contentions of defendants. Plaintiff's position as to the first contention is that no bondholder had the right to bring an action until demand had been made upon the trustee, accompanied by indemnity, and until the trustee had failed or refused to act. The record clearly indicates that before the suit was brought, demand had been made by the plaintiff on the Garfield State Bank to act, and that at the same time, there was tendered to the trustee a bond and an offer of indemnity, as provided by the bond. It also clearly appears from the record, as already noted, that in reply to this demand, plaintiff was informed that the trustee bank was closed, and was in the hands of the auditor of public accounts of the State of Illinois. As to the propriety of adding Phillip, trustee, as party plaintiff, we cite the following:

In *Knight v. Village of Thompsonville,* 74 Ill. App. 550, a mandamus proceeding was instituted to compel the treasurer of the village to restore certain moneys to the village treasury, which, it is alleged, had been wrongfully paid out. After the suit was instituted, an amendment was allowed by the court, substituting another person as party plaintiff, to which objection was made, and in sustaining the action of the court,

this court said: "The amendment is a formal amendment. The defendants are the same. The object sought is the same, namely, to collect from the defendants $200, for the village of Thompsonville, alleged to have been wrongfully caused to be paid out by defendants as officers of said village. The adjudication of the court allowing an amendment is conclusive of the identity of the action. This assignment of error is not then well taken."

In *Thulin v. Anderson,* 154 Ill. App. 41, a bill to foreclose a mortgage was filed by a Mrs. Crosby. After the bill was filed, the court permitted the bill to be amended by substituting the name of Christine Thulin as party complainant. The same question was raised there as is raised here, and in sustaining the action of the trial court, this court said: "The legal title was in Mrs. Crosby. . . . The bill was filed in the name of Mrs. Crosby, and afterwards appellee was substituted as complainant as before stated. . . . Before appellee was substituted for Mrs. Crosby as complainant, Mrs. Crosby had assigned the note and mortgage to appellee. She thereby ceased to be a necessary party, for she had never had the equitable interest and by the assignment she ended her legal interest. The substitution of parties complainant was in harmony with *Winkleman v. Kiser,* 27 Ill. 21, and *Smith v. Brittenham,* 109 Ill. 540. It may well be that appellee should have been a party to the original bill, but that defect was cured by the substitution. *We are therefore clear that there was no lack of proper parties at the time the decree was rendered.*" (Italics ours.)

We are of the opinion that the court was not in error in allowing Phillip, as successor trustee, to be made a party plaintiff, and that, as such, he could prosecute the action to its conclusion. See also *Northern Trust Co. v. Sanford,* 308 Ill. 381. In view of the

fact that all the necessary parties were within the jurisdiction of the court when the decree was entered, we are of the opinion that the points urged are without merit.

In their answer, the defendants deny that Thomason was the owner of bond number 126 at the time the original bill was filed. Upon a hearing before the master, Thomason testified as follows: "Prior to the filing of the complaint in this cause, I made a demand on the then trustee under the trust deed in this case for foreclosure to start. I made a written demand on Mr. Delbert A. Clithero, as President of the Garfield State Bank. . . . To the demand, I received an oral reply made by Mr. Clithero, President of the Garfield State Bank, who told me that the bank was closed and was in the hands of Oscar F. Nelson, the then Auditor of Public Accounts of the State of Illinois, and that he could do nothing about the matter. At the time to which I have testified, I was the owner and holder of bond No. 126, being a bond in the principal amount of $100.00, dated July 1, 1927, due August 10, 1934." We find nothing in the record to disprove Thomason's testimony. This bond was then received in evidence without objection.

In *Witting v. Claras*, 274 Ill. App. 449, this same question was raised, and the court said:

"The sole contention of the defendants is that the complainant was not the legal holder or owner of the notes; that he had no beneficial interest in them and therefore could not maintain the bill to foreclose the trust deed. We think there is no merit in this contention. *Bourke v. Hefter*, 202 Ill. 321; *Hirsh v. Arnold*, 318 Ill. 28; *Morrison v. Steinberg*, 151 N. Y. S. 607; *National Bank of Rochester v. Erion-Haines Realty Co.*, 206 N. Y. S. 452.

"In the *Bourke* case a bill was filed to foreclose a mortgage. The complainant testified that the notes

'were transferred to him for the purpose of commencing foreclosure proceedings, and that he paid nothing for them. . . .

" 'The court found that appellee (complainant) was the legal holder of the notes.' It was contended that the decree was wrong because the real owner of the note should have been made a party to the suit. The court said (p. 323): 'There was no evidence as to the real owner of the notes. They were in the possession of Greenebaum Bros., and were delivered to appellee for the purpose of bringing suit and he was clothed with the legal title to them. Appellant was not prevented from making any equitable defense she had to the notes. . . . The real owner having put the notes in the power of the appellee by having them endorsed to him unconditionally, cannot be heard to complain, and, as we have seen, no harm was done appellant thereby.'

"In the instant case the defendants were invited to present any defense they might have to the notes, but none was presented. The notes were negotiable and passed by delivery. Sec. 30, ch. 98, Cahill's 1933 statutes. Complainant was the legal holder of the notes and was entitled to maintain foreclosure, and there is no contention that the defendants were in anywise injured." We are of the opinion that the contention as to Thomason's ownership, is without merit.

As to the defaults upon which the action is predicated, the master found "that interest coupons series 1 to 5, inclusive, are fully paid, interest coupons series 6 maturing August 10, 1930, were paid but not cancelled and are held by Receiver of Garfield State Bank;

"that interest coupons Series 7, aggregating Two Thousand Forty-seven Dollars and fifty cents ($2,047.50), pertaining to bonds 15 to 210 inclusive, matured on February 10, 1931, and were excepting

coupons of bonds 37, 66, 98 and 135, presented to Garfield State Bank for payment and were paid with the funds of said bank. That the Receiver of said bank still holds the coupons unpaid and uncancelled and by reason of said advancement has a lien upon the premises, subordinate to the lien of the bonds and other coupons as hereinafter set forth. That coupons Series 7 of bonds 37, 66, 98 and 135, totalling Fifty-two Dollars ($52.00) are unpaid;

"that the makers of coupons Series 7 defaulted in the payment thereof, which default continued for more than thirty days prior to the filing of bill of complaint, and still continues;

"that bonds 15 to 17, inclusive, aggregating One Thousand Five Hundred Dollars ($1500.00) matured on February 10, 1931. That bonds 15 and 16 were presented to said Garfield State Bank and the sums due thereon were advanced by said Garfield State Bank; that by virtue of said advancement, Receiver of said bank has a lien upon said premises, subordinate to the lien of the other bonds and coupons;

"that the makers have failed to pay bonds 15 and 17, inclusive. Such default continued for more than thirty days prior to the filing of the bill of complaint and still continues;

"that on July 23, 1931, complainant, Richmond D. Thomason, owner of one of the bonds secured by said trust deed, said grantors being in default for more than thirty days in payment of principal and interest, caused a written demand to be served upon the Garfield State Bank, wherein he declared the entire principal sum, together with interest, at once due and payable; requested trustee to institute foreclosure; offered and tendered trustee indemnity; offered to deposit with trustee bond held by him;

"that said trustee refused to accept deposit of said bond, refused to indicate what assurance of indemnity

it would require, refused to accept indemnity and refused to institute suit for foreclosure;

"that George P. Phillip accepted the appointment as Successor Trustee, under said trust deed, in writing on the same day;

"that by leave of court, George P. Phillip, as Successor Trustee, was made additional party complainant to this cause;

"that the defendant, Rees Beynon, is the legal owner of bonds Nos. 202 to 205, inclusive, upon which on November 15, 1934, he recovered a judgment against the makers in the sum of Five Thousand Twenty Dollars and Ninety-four cents ($5,020.94), excluding attorneys' fees, in case No. 543171, Superior Court of Cook County, and that said bonds have merged into said judgment, which is unpaid, and which judgment is secured by the trust deed sought to be foreclosed."

The master found the sum of $76,083.99 to be due on account of unpaid bonds and interest thereon.

We find nothing in the record to indicate that the master's findings as to defaults in payment were not correct. These facts are not denied. It is also not questioned but that the amount found by the master and by the decree of the court to be due and unpaid, is correct. The decree of the circuit court of Cook county is, therefore, affirmed.

*Affirmed.*

HEBEL, P. J., and DENIS E. SULLIVAN, J., concur.