Elizabeth Jane Replogle, Appellee, v. Harry Scott et al., Defendants. Appeal of Frances E. Jones, Appellant.

Gen. No. 40,304.

Opinion filed March 29, 1939.

TAGE JORANSON, of Chicago, for appellant.

GAYLORD A. TOFT, of Chicago, for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

On February 27, 1936, plaintiff filed a complaint in the circuit court of Cook county for the purpose of foreclosing the lien of a trust deed on real estate in Chicago. Defendant, Frances E. Jones, filed an answer in which she relied on the defense of usury. The other maker of the note, Harry Scott, defaulted. The cause was referred to a master in chancery, who recommended a decree in accordance with the prayer of the complaint. Exceptions to the master's report were overruled and the decree was accordingly entered and this appeal follows.

On August 22, 1929, Harry Scott and Frances E. Jones executed a trust deed to the Chicago Title & Trust Company as trustee, on real estate in Cook county, Illinois, securing the payment of the sum of $16,000, evidenced by seven promissory notes of that date. Defendants, in order to procure the loan, ap-

plied to Richard M. O'Brien, a loan agent in Chicago. The latter thereupon procured the loan through J. A. Schmidt & Company, a corporation, also engaged in the mortgage and loan business. The loan was for a period of five years with certain prepayments and bore interest at 7 per cent per annum, payable semi-annually. A broker's commission of 5 per cent for procuring the loan was deducted from the amount of the loan. This commission in the sum of $800, was divided so that J. A. Schmidt & Company received $480 or 3 per cent, and Richard M. O'Brien, $320 or 2 per cent. When the notes and the trust deed were delivered by O'Brien to Schmidt & Company on September 12, 1929, the former received the check of Schmidt & Company for $15,520, payable to his order. O'Brien, in turn, deducted $320 as his commission and paid the balance of $15,200 to the defendants. The lender of the $16,000 was the Academy of Our Lady of Lourdes at Rochester, Minnesota. The only compensation to Schmidt & Company for negotiating the loan was the 3 per cent commission. No part of the commission was paid to the lender. The defendant, Frances E. Jones, contends that the loan was usurious.

The answer averred that the Academy of Our Lady of Lourdes was the actual owner and holder of the notes and trust deed sought to be foreclosed; that plaintiff brought the complaint in her name solely as agent for the academy; that at the time of the execution of the trust deed and notes sought to be foreclosed, it was "corruptly and unlawfully agreed between the said Academy of Our Lady of Lourdes and this defendant that the said Academy of Our Lady of Lourdes should loan to this defendant the principal sum of $16,000.00 for a period of five years with prepayments . . . and that this defendant for such loan should pay to the said Academy a commission in the sum of $800.00, and also interest on said loan at the rate of

7% per annum during the entire term of said loan; that thereupon in pursuance of said corrupt and unlawful agreement the said Academy then and there made the said loan of $16,000.00, with interest at the rate of 7% per annum, and in further pursuance of said corrupt and unlawful agreement, this defendant then and there paid to the said Academy the said commission in the sum of $800.00, and made and delivered to the said Academy 55 interest notes evidencing the said interest at the rate of 7% per annum, as aforesaid, and the said Academy then and there received said commission and the said 55 interest notes pursuant to said corrupt and unlawful agreement for the purposes aforesaid; that the commission and interest aforesaid during the term of said loan exceed the rate of 7% per annum, contrary to the statute in such case made and provided, by means whereof and by force of the said statute, all interest on said principal notes, including all interest notes evidencing interest thereon, have become and are now void and the said Academy and the plaintiff herein neither had nor have any right to claim or sue for any interest on said principal notes for the reason that said interest is void and forfeited under the statute." The testimony and exhibits introduced before the master did not in any way tend to establish the above allegation. As one of the errors claimed to have been committed, defendant states that the court refused to permit the defendant to amend her answer. The case proceeded before the master, who rendered his report; exceptions were filed thereto and argued, and the court ruled on the exceptions. It was not until then that defendant asked to amend her answer. There is nothing in the record to show that the chancellor abused his discretion in refusing to allow an amendment at that time. Further, the point has not been argued in the brief, and is thereby waived.

The burden was on the defendant to establish her allegation of usury by a preponderance of the evidence. Whether the transaction was usurious, depends on the intention of the parties. We have examined the record and it discloses that J. A. Schmidt & Company and Richard M. O'Brien were acting as brokers in the negotiations, and that the makers of the mortgage knew that they were acting as brokers. No part of the commission went to the academy, nor was the broker, J. A. Schmidt & Company, acting as the agent for the academy. The transaction was conducted in good faith by all parties, and there was no intention to circumvent the statute against usury. When the notes became due, the makers negotiated directly with the sisters in charge of the academy and obtained an extension for one year. At that time, the sisters did not make any charge for the extension, or require the intervention of a broker; nor did defendant then make any claim that the original transaction was in any way usurious. Clearly, defendant has failed to establish her plea that the loan was tainted with usury.

Finally, defendant contends that the plaintiff is not the legal holder or owner of the notes and trust deed, and, therefore, cannot maintain the complaint. Plaintiff testified that she was the legal holder of the mortgage papers and they were introduced in the evidence. The defendant had the opportunity of making any equitable defense that she possessed.

In *Witting v. Claras,* 274 Ill. App. 449, this court said:

"The notes and trust deed having been produced by complainant, and the defendants being entitled to interpose any defense they might have, and no defense having been interposed, they were in nowise injured. Plaintiff was the legal holder of the notes and entitled to maintain foreclosure." Therefore, the criticism

that plaintiff is not the proper party to bring the complaint, is not valid.

For the reasons stated, the decree of the circuit court of Cook county should be and it is affirmed.

*Decree affirmed.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.