Dorothy Stalzer, Appellee, v. William T. Blue et al., Defendants.
Appeal of Ella L. Stevens, Appellant.

Gen. No. 41,809.

564

Heard in the third division of this court for the first district at the October term, 1941. Opinion filed January 7, 1942.

STEVENS & STEVENS, of Chicago, for appellant; GEORGE M. STEVENS, of Chicago, of counsel.

MARSTON, FRIEDLUND & FRIEDLUND, of Chicago, for appellee; EMIL N. LEVIN, of Chicago of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

Plaintiff, the legal holder and owner of certain promissory notes, filed her amended and supplemental complaint for the foreclosure of a certain trust deed executed by the defendants William T. Blue and Lydia L. Blue, his wife, on or about April 6, 1931, to the Chicago Title & Trust Company, as trustee, to secure five certain promissory notes, executed by said defendants on the same date, totaling $10,000 making the defendant appellant, Ella L. Stevens, a party defendant, as one having or claiming to have some right, title or interest in or to the premises involved. The defendants, Blues, defaulted, as did Katherine J. Figuly, the alleged record owner of said premises.

The defendant appellant, Ella L. Stevens, filed her amended answer denying the execution and delivery of

said notes and trust deed, and denying that there was any consideration therefor, and setting up therein that said Blues were at the time indebted to her, on a judgment in an amount of upwards of $13,000; that they were insolvent and that the alleged execution of said notes was a colorable transaction, made for the purpose of hindering and delaying appellant in the collection of her said debt, and for the benefit and protection of said Blues.

Plaintiff filed her reply to appellant's answer denying generally the allegations of said answer, and subsequently the cause was referred to a master in chancery to take testimony and report. It is called to our attention that the master struck all of the evidence introduced by appellant, Ella L. Stevens, in support of her contentions from the record; that the master prepared his report, finding among other things that all of the material allegations contained in plaintiff's amended and supplemental complaint, except as otherwise found in his report, were true and are sustained by the proofs; that there was due to the plaintiff the sum of $12,751.81, for which together with interest and costs, she had a valid and subsisting lien upon the premises herein involved, prior and superior to the right, title, interest and lien of all other parties hereto. Objections to the master's report were filed by appellant, all of which were overruled by the master, and said objections were ordered by the court to stand as exceptions, and by the decree of foreclosure entered on February 27, 1941, pursuant to the recommendations of the master, were overruled.

It appears from the evidence that on February 8, 1929, the defendants, William T. Blue and Lydia L. Blue, for valuable consideration, executed and delivered to appellant, their four principal promissory notes, three in the sum of $1,000 each and one in the sum of $10,000. On or about April 6, 1931, the said Blues executed the notes in question here, totaling

$10,000, four in the sum of $500 each, maturing one, two, three and four years after date respectively and one in the sum of $8,000, maturing five years after date, with interest until maturity at 6 per cent per annum and with interest after maturity at 7 per cent per annum, and secured by the trust deed sought to be foreclosed. At the time of the execution of said notes and trust deed, taxes for the years 1929 and 1930 were unpaid and neither taxes for those years, nor subsequent years have since been paid and the premises have been allowed to go to forfeiture for nonpayment of special assessments levied against them, the total of said taxes and assessments, up to the time of the filing of the complaint herein, including interest, penalties and costs, being in excess of $5,000. It appears that no part of the principal of said notes due on the 6th day of April in the years 1932, 1933, 1934, 1935, 1936, respectively, nor any of the interest due thereon, was paid by the Blues; that they occupied a portion of the premises as their homestead, during the greater portion of said time, and at all times collected and used all of the rents, issues and profits accruing from said premises.

Shortly after the execution of said notes and trust deed, the Blues, who for some time prior thereto had been the owners in fee simple of various pieces of property described in defendant's, Ella L. Stevens, answer, the last described being that conveyed by the trust deed in the complaint mentioned, conveyed by a deed in trust known as Phillip State Bank and Trust Company Trust No. 1511, to said company all their right, title and interest therein.

On the 6th day of April, 1940, Herbert H. Mitchell, the receiver appointed in the creditor's suit instituted by appellant against the said Blues, served notice upon said Blues that on the 10th day of April, 1940, he would appear before his Honor, Judge WILLIAM V. BROTHERS, and ask that an order be entered fixing the reasonable

rental of the premises occupied by William T. Blue, and requiring him to pay such rent so fixed by the court, to such receiver and that in default thereof that a writ of assistance issue against him, and that a rule be entered upon said Blue to show cause, if any he might have, why he should not be held in contempt of court for the removal and disposition of certain fixtures from the premises, without notice to or consent of the receiver and for his refusal to turn over certain personal property to said receiver, as required by the order of the court theretofore entered in said case. The Blues appeared in response to said notice and asked for and were granted a week within which to answer said motion; whereupon said William T. Blue contacted George M. Stevens, one of the attorneys for appellant, and proposed to him that he make payments to said Stevens each month, to be applied on this defendant's judgment, on condition that the receiver be discharged and he and his wife be left in possession and control of the premises, which proposition was not accepted. Immediately thereafter a complaint for foreclosure of the trust deed in the amended and supplemental complaint mentioned, was filed by plaintiff in the superior court of Cook county on the 29th day of April, 1940, and on the same day notice was mailed to William T. Blue and Lydia L. Blue and Katherine Figuly, for appearance on the following morning for the appointment of a receiver for said premises, and pursuant to said notice, one Ernst C. Nagel was appointed receiver of said premises, without any notice to appellant or to said Mitchell, receiver in the circuit court creditor's suit.

The appellant, Ella L. Stevens, seeks to recover in this proceeding, stating that on February 8, 1929, the defendants, William T. and Lydia L. Blue, for valuable consideration, executed and delivered to appellant their four principal promissory notes totaling $13,000; that on May 22, 1931, William T. Blue, in response to a

letter received from appellant stating that she was desirous of having the interest and principal on his notes paid, wrote that it was impossible under the present conditions, as he was financially embarrassed; that after repeated efforts by appellant to procure payments on account of said indebtedness, to no avail, she recovered a judgment at law against said Blues on November 29, 1933 for $15,188.00 and costs, upon which judgment execution was duly issued and returned by the sheriff of Cook county, wholly unsatisfied, which judgment is still in full force and effect, and is a valid and subsisting lien against the property herein involved.

It has been suggested by the defendant appellant, Ella L. Stevens, who is here on appeal, that the plaintiff in this action is not competent to institute this foreclosure because plaintiff is not the legal owner and holder of the notes. However, when we come to examine the trust deed we find its provisions to be that a foreclosure may be maintained by the legal holder of the notes, and the owner being a woman eighty-four years old, residing downstate, who is in ill health and unable to walk, it is proper to file the foreclosure suit by her nominee as the legal holder. This contention of plaintiff seems to answer the complaint of appellant as to plaintiff not being the proper person to institute the suit. Plaintiff cites *Bourke v. Hefter*, 202 Ill. 321, on this very question where the Supreme Court held that although plaintiff was a nominee for the actual owners, and testified that the notes were transferred to him for the purpose of commencing foreclosure proceedings, and that he had paid nothing for them, nevertheless the plaintiff was the legal holder of the notes and therefore was entitled to maintain foreclosure.

As we have indicated, the real owner of the mortgage, Anna V. Swanson, was an aged woman in ill health and unable to get around, and a resident of Princeton, Illinois, and, therefore, if the notes and

trust deed were placed in the hands of plaintiff for foreclosure, that is sufficient under the authorities. In *Replogle v. Scott,* 299 Ill. App. 270, the court quoted with approval the following language from *Witting v. Claras,* 274 Ill. App. 449, as follows:

"The notes and trust deed having been produced by complainant, and the defendants being entitled to interpose any defense they might have, and no defense having been interposed, they were in no wise injured. Plaintiff was the legal holder of the notes and entitled to maintain foreclosure."

In this action, in the proceedings before the master in chancery, the trust deed and notes described in the complaint were introduced in evidence and made a prima facie case. If the defendant appellant had any evidence to offer on the question that would be a defense to the right to foreclose, such defense must have been alleged and proved by her. The trust deed and notes in this action are in the usual form of documents of that character, and the trust deed was duly acknowledged before a notary public and recorded in the office of the recorder of deeds. Both the trust deed and the notes bear the identification certificate of the Chicago Title & Trust Company, as trustee under its certification No. 79650. The trust deed and notes were duly executed and acknowledged, identified by the trustee named in the trust deed, the trust deed filed for record in the recorder's office, and their introduction in evidence made a *prima facie* case as to consideration, execution and delivery of same. Attention is called to the case of *Foreman Trust & Savings Bank v. Cohn,* 342 Ill. 280, where the Supreme Court stated: "When defendant in error introduced in evidence before the master the trust deed, notes and the other preliminary proofs, such evidence made a *prima facie* case sufficient to entitle it to a decree of foreclosure. The burden of proof was then upon plaintiffs in error to prove the defense set up in their answer or to prove

the allegations of their cross-bill by clear and convincing evidence.'' The case of *Boudinot v. Winter,* 91 Ill. App. 106, pertains to the point involved, where the court held:

''When appellee introduced in evidence the notes and mortgage, as he did, the same being in his possession and assigned to McKee, a *prima facie* case for the foreclosure thereof was made against appellant, and the burden of proof was upon him to show the arrangement with McKee, set forth in his answer, was true, and that McKee had received rents belonging to him, or to show some other affirmative matter of defense, having the effect to discharge the obligation of the note and mortgage.'' In the instant case, plaintiff called Charles H. Coll, president of the First State Bank of Princeton, Illinois, who testified that he had known Anna Swanson, the owner of the mortgage, for many years; that she formerly owned the property described in the trust deed being foreclosed; that it was her former home; that when she sold it, she took back a mortgage as part payment; that she was old and in ill health and unable to get around; that his bank and he personally handled most of her business affairs. He testified to the lengths to which he had gone in attempting to collect principal and interest, and as to the interest which he had been successful in collecting, and that finally he forwarded the papers to Chicago attorneys with directions to them to foreclose. He brought with him numerous letters he had received from Blue in connection with the mortgage, which were received in evidence. In considering the foregoing testimony, the master remarked that ''It would all seem to me to be just about the right kind of evidence to bring into a case to show that the mortgage is a good mortgage and not what it is suspected to be.'' The appellant, Ella L. Stevens, suggests that the testimony of plaintiff's witness, Coll, was stricken by the master, but when we consider the abstracts on this

question, while it is true that a part of his testimony was stricken, still the remainder, which we have quoted, was permitted to stand. The master in ruling upon appellant's motion to strike all of the witness Coll's testimony allowed the motion as to the conversation with Blue, but allowed his testimony to stand with regard to what Mr. Blue had actually done with regard to making payments and so forth, on the mortgage; and except, too, the motion was allowed as to his testimony regarding "these extension agreements, about which he knows nothing, and the conveyances, which he said was based on information that was given to him by Mrs. Swanson." The further contention is made by plaintiff that the rulings by a master in chancery as to admissibility of evidence are final, and cannot be attacked on appeal, unless exceptions to the master's ruling on the evidence are specifically preserved and submitted to the chancellor for consideration, and the fact is pointed out that the only evidence offered by defendant appellant consisted of pleadings and a decree in a suit to which plaintiff was not a party, and correspondence between two defendants, all of which it is contended the master properly excluded. It is further contended, however, that be the master right or wrong, in excluding defendant's evidence, defendant cannot raise the question in this court, for the reason that she failed to take any objection or exception to the master's ruling on the admissibility of the evidence and failed to submit the question to the trial court. In support of this contention, plaintiff cites *Northern Trust Co. v. Sanford,* 308 Ill. 381, wherein the Supreme Court, after stating that the master's rulings on the admissibility of evidence were erroneous and improper, nevertheless held that even though the master erred, the question could not be raised on appeal, because specific objections to the master's rulings on evidence had not been made and presented to the court below. The above case was cited with approval

in the recent case of *Dunlavy v. Lowrie,* 372 Ill. 622, wherein the following language was used:

"Defendants' claim that the chancellor erred in admitting improper evidence offered by plaintiff over their objection does not require consideration. The objections to the master's report which stood as exceptions before the chancellor disclose that an objection was taken to the conclusions of the master from the testimony but not to the admission of the evidence itself. It is necessary to object to the ruling of the master and obtain the court's ruling on the master's action in order to take advantage of alleged errors in the admission of evidence. (*Seeley v. Rowe,* 370 Ill. 336; *Northern Trust Co. v. Sanford,* 308 id. 381.) If, as here, the point is not brought to the chancellor's attention, it cannot be reviewed."

The master ruled that all evidence offered by defendant be stricken from the record. Defendant must be held to have agreed that the master's rulings on her evidence were correct, inasmuch as she did not file either objections or exceptions thereto, nor did she ask the chancellor to review the master's rulings on questions of evidence. The defendant having made objections to the master's report, which stood as exceptions before the chancellor, as to the conclusions of the master from the testimony but not to the admission of the evidence itself, we are of the opinion that under the circumstances the court did not err in overruling defendant's objections to the master's report.

The master in his report found "That the defendant Ella L. Stevens sought to prove that the plaintiff Dorothy Stalzer held the notes for the benefit of William T. Blue as the genuine owner of the same. The Master, however, finds that the evidence offered by the defendant Ella L. Stevens, wholly failed to support this contention."

There are other questions called to our attention but we are of the opinion that the evidence supports the

plaintiff's amended complaint to foreclose, and that, there being no evidence in the record to support the allegations of the defendant appellant, Ella L. Stevens, in her answer, the master's report and the court's rulings on the objections thereto were proper, and that the court properly denied the exceptions of the defendant, Ella L. Stevens. Under the circumstances as we have them here, the decree is affirmed.

*Decree affirmed.*

BURKE, P. J., and KILEY, J., concur.