FIRST DIVISION

No. 1-09-2345

| | | |
|---|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 08 CH 3725 |
| JESSIE BARNES, | ) ) | Honorable Jessie G. Reyes, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LAMPKIN delivered the opinion of the court:

In this mortgage foreclosure action, defendant Jessie Barnes appeals the circuit court's

denial of her petition to vacate the foreclosure judgment and sale and to deny the confirmation of

the sale. Defendant argues that plaintiff Mortgage Electronic Registration Systems, Inc.

(MERS), did not have standing to prosecute this foreclosure action and, thus, the circuit court

orders rendered in favor of MERS were void. For the reasons that follow, we affirm the

judgment of the circuit court.

## I. BACKGROUND

In January 2008, plaintiff MERS filed a complaint to foreclose a mortgage against

defendant Barnes, pursuant to sections 15-1504(a)(1) through (a)(3) of the Illinois Mortgage

Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1504(a)(1) through (a)(3) (West 2008)).

MERS alleged, *inter alia*, that it was the mortgagee, defendant was in default of her residential

mortgage loan for $278,113.44 in unpaid principle, and MERS brought the suit as the legal holder of the indebtedness. MERS attached to its complaint a copy of the mortgage and the note. The mortgage defined defendant as the borrower, First NLC Financial Services, L.L.C., as the lender, and MERS as the nominee of the lender and the lender's successors and assigns. The definitions section of the mortgage also stated that "MERS is the mortgagee under this Security Instrument." Further, page three of the mortgage provided, in pertinent part:

> "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, *MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell a Property*; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument." (Emphasis added.)

The note secured by the mortgage provided that the lender could transfer the note, and anyone who took the note by transfer and was entitled to receive payments under the note was "called the Note Holder."

MERS's complaint was served on defendant on January 31, 2008, but she did not file an answer, so default orders and a judgment of foreclosure were entered in May 2008. In August 2008, defendant filed an appearance, and the trial court granted her emergency motion to stay the foreclosure sale until September 29, 2008. On September 30, 2008, MERS offered the highest and best bid of $221,000, and the property was sold to MERS.

In May 2009, MERS moved the circuit court for an order approving the report of sale and distribution. Defendant, however, filed a petition to vacate the foreclosure judgment and sale and to deny the confirmation of the sale, pursuant to section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2008)) and section 15-1508(b)(iv) of the Foreclosure Law (735 ILCS 5/15-1508(b)(iv) (West 2008)). Specifically, defendant argued that the judgment of foreclosure and sale was void because MERS had no interest in the debt secured by the mortgage on the property. According to defendant, MERS was merely a for-profit electronic registration and tracking system that some owners and holders of notes utilized to avoid paper transfers of the ownership of notes and mortgages. Defendant asserted that MERS was not the true owner or holder of the note and mortgage and, instead, just acted "as a library or holder of information regarding the true owners and holders of notes and mortgages." Defendant also argued that MERS failed to attach any document to its complaint to show that the promissory note had been assigned to MERS for value.

In July 2009, the circuit court denied defendant's petition to vacate the foreclosure judgment and to deny confirmation of the sale, noting that it was a final and appealable order. The circuit court also granted MERS's motion for an order approving the sale but stayed execution of the order until August 20, 2009. Thereafter, defendant moved the circuit court to stay enforcement of its July 2009 orders pending disposition of her appeal. The circuit court, however, denied defendant's motion to stay, noting that no notice of appeal had been filed yet.

On September 16, 2009, this court allowed defendant's motion to file a late notice of appeal. This court also granted defendant a stay of enforcement of the July possession order until

further order of this court.

## II. ANALYSIS

Section 15-1508(b) of the Foreclosure Law confers broad discretion on circuit courts in approving or disapproving judicial sales, and that exercise of discretion will not be disturbed absent an abuse of discretion. Household Bank, FSB v. Lewis, 229 Ill. 2d 173, 178 (2008). Defendant, however, argues that her appeal is brought from the circuit court's denial of her petition under section 2-1401 of the Code challenging standing, an issue of law, and therefore the standard of review on appeal is *de novo*.

Defendant misstates the procedural posture of this case. Section 2-1401 of the Code, which provides relief from final orders and judgments after 30 days from entry thereof, is not applicable here. When defendant filed her May 2009 section 2-1401 petition, the May 2008 foreclosure judgment was not final and appealable yet because the circuit court did not expressly find that there was no just reason for delaying appeal and MERS's motion to confirm the sale was pending before the circuit court. See In re Marriage of Verdung, 126 Ill. 2d 542, 555 (1989) (unless the court includes Supreme Court Rule 304(a) (now see 210 Ill. 2d R. 304(a)) language, a mortgage foreclosure judgment is not final and appealable until the court enters an order approving the sale and directing the distribution).

Nor was relief available to defendant under section 2-1301(e) of the Code, which provides that the court may, in its discretion, before final order or judgment, set aside any default and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and condition that shall be reasonable. 735 ILCS 5/2-1301(e) (West 2008). The

1-09-2345

Foreclosure Law governs the mode of procedure for mortgage foreclosures in Illinois (Plaza Bank v. Kappel, 334 Ill. App. 3d 847 (2002)), and "any inconsistent statutory provisions shall not be applicable" (735 ILCS 5/15-1107(a) (West 2008)). Section 15-1508(b) of the Foreclosure Law provides that, after the foreclosure judgment and judicial sale, the circuit court shall confirm the sale unless the court finds that (i) a required notice was not given, (ii) the terms of the sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) that justice was otherwise not done. 735 ILCS 5/15-1508(b) (West 2008). Because section 15-1508(b) limits the court's discretion to refuse confirmation of the sale to those four specified grounds, it is more restrictive than and, thus, inconsistent with section 2-1301(e) of the Code. If section 15-1508(b) of the Foreclosure Law did not prevail over section 2-1301(e) of the Code, then the latter would eviscerate the former because parties could thwart section 15-1508(b) by filing petitions to vacate nonfinal judgments even after foreclosure sales have been held. Such a practice would undermine the sale process because bidders would have no confidence that sales would be confirmed. Therefore, defendant could not utilize section 2-1301(e) of the Code to circumvent section 15-1508(b) of the Foreclosure Law after MERS filed its motion to approve the sale.

Defendant also contends that a void judgment can be challenged at any time, and the circuit court should have vacated the foreclosure judgment as void for lack of subject matter jurisdiction. In her initial appellate brief, defendant argues that MERS was not the real party in interest because it was not the true owner or holder of the promissory note and mortgage. Defendant claims that she did not owe MERS any money and MERS did not purchase the promissory note in this case from the real party in interest. Defendant contends that, without any

5

assignment of the note, MERS had no right to the underlying debt repayment secured by the mortgage. According to defendant, no adverse interest existed between the parties here, MERS did not suffer any injury in fact, and, as a result, MERS lacked standing to prosecute this mortgage foreclosure lawsuit. Defendant concludes that MERS's lack of standing based on the lack of any injury in fact meant that true subject matter jurisdiction was not conferred on the circuit court.

In her reply brief, defendant seems to have modified her position somewhat. She clarifies that she does not contest whether MERS had the right to file the lawsuit as the mortgagee or nominee of the real party in interest. Rather, defendant–noting that MERS did not sue in the capacity of an agent of a principle–contends that MERS failed to comply with section 15-1504(a)(3)(N) of the Foreclosure Law, which provides that a plaintiff's foreclosure complaint may indicate the capacity in which the plaintiff brings the action, *i.e.*, whether the plaintiff is the legal holder of the indebtedness, a pledgee, an agent, the trustee under a trust deed or otherwise, as appropriate. 735 ILCS 5/15-1504(a)(3)(N) (West 2008). Defendant complains that MERS stated in its complaint that it was the legal holder of the debt and thereby incorrectly implied that defendant owed money to MERS. Defendant, without citation to any relevant authority, claims that the Foreclosure Law requires a plaintiff to identify the capacity in which it prosecutes its lawsuit and this "rule" is the basis for the court's subject matter jurisdiction. Defendant complains that MERS did not state in its complaint that it was bringing the suit on behalf of the actual owner of the note; rather, MERS incorrectly designated itself as the one to whom the debt was owed and not as the agent for the real owner of the debt.

Essentially, defendant argues that the circuit court lacked jurisdiction because MERS failed to plead proof of standing. We disagree. A foreclosure complaint is deemed sufficient if it contains the statements and requests called for by the form set forth in section 15-1504(a) of the Foreclosure Law (735 ILCS 5/15-1504(a) (West 2008)). 735 ILCS 5/15-1504(b) (West 2008). MERS complied with that form, pled that it was the mortgagee and legal holder of the indebtedness, and attached a copy of the note and mortgage to its complaint. MERS's complaint was legally and factually sufficient and included allegations relative to standing.

To support her argument that MERS lacks standing, defendant complains that MERS's allegation in the complaint as the holder of indebtedness is contradicted by the designated payee on the promissory note. She also complains that MERS did not attach any documents to its complaint to show that the note was assigned to it for value, and that MERS stated that it was suing in the capacity of the mortgagee, not as a nominee. Defendant acknowledges that she failed to answer the complaint, was defaulted, and did not attempt to vacate her default until after MERS filed a motion to confirm the sale. Nevertheless, she argues that standing is a jurisdictional issue that can be raised at any time. We disagree.

"The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit," and "assures that issues are raised only by those parties with a real interest in the outcome of the controversy." Glisson v. City of Marion, 188 Ill. 2d 211, 221 (1999). "[S]tanding requires some injury in fact to a legally cognizable interest ***." Glisson, 188 Ill. 2d at 221. Our supreme court has stated that "lack of standing in a civil case is an affirmative defense, which will be waived if not raised in a timely fashion in the trial court."

1-09-2345

Greer v. Illinois Housing Development Authority, 122 Ill. 2d 462, 508 (1988); see also Lebron v. Gottlieb Memorial Hospital, 237 Ill. 2d 217, 252-53 (2010) (the defendant has the burden to plead and prove the affirmative defense of lack of standing, which will be forfeited if not timely raised in the trial court, and, under Illinois law, issues of standing do not implicate the court's subject matter jurisdiction). Defendant failed to timely raise the standing issue before the circuit court where she was properly served with the complaint but failed to answer it, was defaulted, thereafter participated in the proceedings by successfully petitioning the court for a continuation of the sale, and subsequently attempted to raise the standing issue after the foreclosure and sale and in response to MERS's motion to confirm the sale. Defendant forfeited the standing issue through her default.

Furthermore, defendant's default resulted in her admission that MERS had standing. All well-pleaded allegations of a complaint are considered admitted by a defendant when held in default for failure to plead to the complaint. Eckel v. Bynum, 240 Ill. App. 3d 867, 873-74 (1992); Colonial Penn Insurance Co. v. Tachibana, 53 Ill. App. 3d 981, 982 (1977). Accordingly, defendant admitted the well-pleaded allegations of the complaint when she was held in default, including the allegation that MERS held an interest in the subject property.

Defendant's default notwithstanding, the record establishes that MERS had standing to bring this foreclosure action. A plaintiff can maintain a lawsuit although the beneficial ownership of the note is in another person. Kazunas v. Wright, 286 Ill. App. 554 (1936). Furthermore, Illinois does not require that a foreclosure be filed by the owner of the note and mortgage. Stalzer v. Blue, 312 Ill. App. 563 (1942); Replogle v. Scott, 299 Ill. App. 270 (1939);

8

Bourke v. Hefter, 202 Ill. 321 (1903). Moreover, section 15-1504(3)(N) of the Foreclosure Law indicates that the legal holder of the indebtedness, a pledgee, an agent, or a trustee may file the case. 735 ILCS 5/15-1504(3)(N) (West 2008). In addition, the mortgage signed by the parties indicated that MERS was the mortgagee, and MERS satisfied the statutory definition of a mortgagee, which goes beyond just note holders to also encompass "any person designated or authorized to act on behalf of such holder." 735 ILCS 5/15-1208 (West 2008).

According to the terms of the mortgage, MERS, as nominee for the lender, had authority to act to enforce the mortgage. Specifically, the mortgage provided that, "if necessary to comply with law or custom," MERS had the right to exercise any or all of the interests granted by the borrower in the mortgage, "including, but not limited to, the right to foreclose and sell [the] property." Under those terms, the parties agreed that MERS could bring foreclosure suits in its own name. Because defendant expressly gave MERS the right to foreclose as nominee for the lender, defendant cannot successfully contend now that MERS does not have standing in this foreclosure proceeding.

Furthermore, courts in other jurisdictions have found that MERS may bring foreclosure suits in its own name. See, e.g., Mortgage Electronic Registration Systems, Inc. v. Coakley, 41 A.D.3d 674, 838 N.Y.S.2d 622 (2007) (MERS had standing to bring foreclosure action because the note was transferred to it, and also because the mortgage terms expressly stated that MERS had the right to foreclose in the event of a default); Mortgage Electronic Registration Systems, Inc. v. Ventura, No. CV054003168S (Conn. Super. Ct. April 20, 2006) (MERS had standing to foreclose as nominee for the lender); Mortgage Electronic Registration Systems, Inc. v. Azize,

965 So. 2d 151, 153-54 (Fla. App. 2007) (MERS had standing to enforce the note and foreclose the mortgage even though it lacked the beneficial interest in the note); Mortgage Electronic Registration Systems, Inc. v. Revoredo, 955 So. 2d 33, 34 (Fla. App. 2007) (MERS had standing to bring foreclosure action even though it did not own the note); Hilmon v. Mortgage Electronic Registration Systems, Inc., No. 06-13055 (E.D. Mich. April 23, 2007) (even if MERS was not the holder in due course of the note, as the named mortgagee it had a legal right to institute foreclosure proceedings).

Defendant cites case law from other jurisdictions that questioned MERS's standing in foreclosure actions. See, e.g., Mortgage Electronic Registration Systems, Inc. v. Rees, No. CV03081773 (Conn. Super. Ct. September 4, 2003) (denying MERS summary judgment in a foreclosure action because there was a genuine issue of material fact as to the ownership of the note); Mortgage Electronic Registration Systems, Inc. v. Burek, No. 12488/03 (N.Y. Sup. June 7, 2004) (accord). Those cases, however, are not persuasive because there is no indication that they involved a statutory definition of mortgagee similar to section 15-1208 of the Foreclosure Law, pleading requirements similar to section 15-1504(a)(3)(N) of the Foreclosure Law, or judicial admissions by default and forfeiture.

Finally, defendant cannot establish that the circuit court abused its discretion in approving the sale. The plain language of section 15-1508(b) requires the circuit court to confirm a foreclosure sale unless it finds following a hearing that: (1) a required notice was not given; (2) the terms of the sale were unconscionable; (3) the sale was conducted fraudulently; or (4) justice otherwise was not done. 735 ILCS 5/15-1508(b) (West 2008). Defendant did not argue or

present evidence that any of those four grounds existed to justify setting aside the sale. Her only argument was the adequacy of MERS's standing, but she forfeited that argument by her default. Such default notwithstanding, MERS satisfies the definition of *mortgagee* in section 15-1208 of the Foreclosure Law (735 ILCS 5/15-1208 (West 2008)), and the trial court could have exercised its discretion to allow MERS to amend paragraph 3(N) of its complaint to reflect that it was designated or authorized to act on behalf of the holder of the indebtedness. Because defendant did not give the circuit court any reason to find that "justice was otherwise not done," we conclude that the trial court did not abuse its discretion in approving the sale.

## III. CONCLUSION

For the foregoing reasons, the judgment of the circuit court confirming the sale of the property in this case is affirmed. Our previously entered stay is vacated.

Affirmed.

HALL, P.J., and PATTI, J., concur.

1-09-2345

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

---

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

Plaintiff-Appellee,

v.

JESSIE BARNES,

Defendant-Appellant.

---

No. 1-09-2345

Appellate Court of Illinois
First District, FIRST DIVISION

December 3, 2010

---

Justice Bertina E. Lampkin authored the opinion of the court:

Presiding Justice Hall and Justice Patti concur.

---

Appeal from the Circuit Court of Cook County.
The Hon. Jessie G. Reyes, Judge Presiding.

---

**COUNSEL FOR PLAINTIFF-APPELLEE**
Freedman Anselmo Lindberg & Rappe LLC, Naperville, IL 60563
OF COUNSEL: Douglas A. Oliver

**COUNSEL FOR DEFENDANT-APPELLANT**
Michael Harold Cole, Chicago, IL 60637

1-09-2345