# ILLINOIS OFFICIAL REPORTS

## Appellate Court

*Deutsche Bank National Trust Co. v. Snick*, 2011 IL App (3d) 100436

| | |
|---|---|
| Appellate Court Caption | DEUTSCHE BANK NATIONAL TRUST COMPANY, as Indenture Trustee Under the Indenture Relating to IMH Assets, Plaintiff-Appellee, v. KARI B. SNICK, Defendant-Appellant (Thomas Schnurpfeil; Mortgage Electronic Registration Systems, Inc.; IMPAC Funding Corporation, d/b/a IMPAC Lending Group; Meadow Creek Community Association, Inc.; Unknown Owners; and Nonrecord Claimants, Defendants). |
| District & No. | Third District<br>Docket No. 3-10-0436 |
| Filed | October 21, 2011 |
| Rehearing denied | November 15, 2011 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from an order approving a judicial sale, the appellate court held that the trial court's order was not an abuse of discretion, since defendant did not provide any basis under section 15-1508 of the Mortgage Foreclosure Law to refuse confirmation of the sale. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 07-CH-676; the Hon. Richard J. Siegel, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Harvey Wright, of South Holland, for appellant. |
| | Mariclare O'Connor and Brooks Brehme, both of Codilis & Associates, P.C., of Burr Ridge, for appellee. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion. Presiding Justice Carter and Justice Lytton concurred in the judgment and opinion. |

**OPINION**

¶ 1 Plaintiff Deutsche Bank National Trust Company (the Bank) filed a complaint to foreclose a mortgage against defendant Kari Snick and others. A default judgment of foreclosure was entered against Snick. More than two years later, after several motions to stay a judicial sale, the trial court entered an order approving the sale of the property. Snick appeals from the trial court's order approving the sale and also from the subsequent denial of Snick's motion to reconsider the approval of the sale. We affirm.

¶ 2 FACTS

¶ 3 The Bank filed its complaint to foreclose a $750,000 mortgage on March 1, 2007. The complaint alleged that the Bank was bringing the foreclosure action as the legal holder of the indebtedness or as the servicing agent for the legal holder of the indebtedness. The complaint further alleged that Snick was the mortgagor and that Snick was in default. The mortgage and the note, defining Snick as the borrower, were attached to the complaint. The lender was defined in the mortgage as IMPAC Funding Corporation.

¶ 4 Although an attorney entered a general appearance on Snick's behalf, Snick did not answer the complaint, and the judgment for foreclosure and sale was entered upon the Bank's motion for a default judgment. The affidavit in support of the motion was signed by an attorney of GMAC Mortgage, LLC, as the servicer on behalf of the Bank. The default judgment was entered on June 18, 2007, and included a clause providing:

"This is a final and appealable order and there is no just cause for delaying the enforcement of this judgment or appeal therefrom."

¶ 5 Thereafter, on five occasions between October 31, 2007 and December 16, 2009, Snick filed emergency motions to stay the sale of the subject property. One motion was stricken,

three were granted, and the final motion was denied on December 16, 2009. The property was sold at a sheriff's sale, and the Bank filed a motion for an order approving the sale. On February 3, 2010, Snick filed a response to the Bank's motion, challenging the Bank's standing for the first time. The trial court found that the issue of standing was not timely raised, and it entered an order confirming the sale. Thereafter, Snick filed a motion pursuant to section 2-1203 of the Code of Civil Procedure (735 ILCS 5/2-1203 (West 2008)) to vacate the order approving the sale, which was denied by the trial court. Snick appealed.

¶ 6                                          ANALYSIS

¶ 7         Snick contends that the trial court erred in refusing to consider her challenge to the Bank's motion for an order approving the sale, arguing that the issue of standing was timely raised. The Bank contends that standing was an issue that should have been raised prior to the entry of the judgment of foreclosure and that Snick was not entitled to relief from the judgment of foreclosure under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)) because it was a final and appealable order.

¶ 8         When a trial court enters a judgment that does not dispose of an entire action, but makes an express written finding that there is no just reason for delaying enforcement or appeal, the judgment is final and appealable. Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010); see *In re Marriage of Verdung*, 126 Ill. 2d 542 (1989); *cf. Santana v. Zipperstein*, 142 Ill. App. 3d 386 (1986) (an order of foreclosure was final but not appealable, and thus modifiable, where the trial court had not made the finding that there was no just cause for delaying enforcement or appeal). In this case, the default judgment of foreclosure was a final and appealable order when it was entered on June 18, 2007, because the trial court specifically made the finding pursuant to Rule 304(a) that there was no just reason for delaying enforcement of the appeal.

¶ 9         In any event, the lack of standing is an affirmative defense, which is waived if not raised in a timely fashion. *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462 (1988); *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1 (2010). In this case, the Bank's foreclosure complaint complied with the requirements of section 15-1504(a) of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1504(a) (West 2008)), alleging that the Bank was the legal holder of the indebtedness or the servicing agent for the legal holder of the indebtedness, and attaching a copy of the note and mortgage. Snick failed to answer the complaint and was defaulted. By her default, Snick admitted the well-pleaded allegations of the complaint, including the allegation that Bank held an interest in the subject property. See *Mortgage Electronic Registration Systems, Inc.*, 406 Ill. App. 3d at 7. Thereafter, Snick participated in the court proceedings by filing several motions to stay the sale of the subject property. At no time did Snick raise the issue of standing until her objection to the Bank's motion for an order approving the sale of the property, which was almost three years after the entry of the judgment of foreclosure. We find that Snick waived the issue of the Bank's standing by failing to raise the issue while, at the same time, participating and accepting the benefits of the court proceedings.

¶ 10        Snick did not appeal the judgment of foreclosure; she only challenged the order approving the sale. Section 15-1508(b) of the Code of Civil Procedure limits a trial court's

discretion to refuse confirmation of a judicial sale to the four grounds specified in the statute. 735 ILCS 5/15-1508 (West 2008); *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1 (2010). Section 15-1508(b) provides:

> "Unless the court finds that (I) a notice required in accordance with subsection (c) of Section 15-1507 [(735 ILCS 5/15-1507)] was not given, (ii) the terms of sale were unconscionable, (iii) the sale was conducted fraudulently or (iv) that justice was otherwise not done, the court shall then enter an order confirming the sale." 735 ILCS 5/15-1508(b) (West 2008).

¶ 11       Although Snick limited her appeal to the order approving the sale, she does not contend that the trial court made any of the findings required by section 15-1508. Instead, she argues that the Bank lacked standing, an argument that we have already found waived. Since Snick did not give the trial court any basis to refuse confirmation of the sale under section 15-1508, we conclude that the trial court did not abuse its discretion in approving the judicial sale.

¶ 12                                        CONCLUSION

¶ 13       The judgment of the circuit court of Will County is affirmed.

¶ 14       Affirmed.