2020 IL App (1st) 192269-U

No. 1-19-2269

Order filed June 11, 2020

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, as TRUSTEE FOR MORTGAGE PASS-THROUGH CERTIFICATES 1998-R1 | ) ) ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee | ) ) | Cook County |
| v. | ) ) | No. 16 CH11125 |
| | ) | |
| LEEROY MURPHY JR., BARBARA M. TOWNSEND-MURPHY; CITY OF CHICAGO; JLYNN PIERCE; UNKNOWN OWNERS AND NONRECORD CLAIMANTS, | ) ) ) ) ) | Honorable William Sullivan, Judge Presiding. |
| Defendants-Appellants. | ) | |

_____

JUSTICE BURKE delivered the judgment of the court.
Justices Lampkin and Reyes concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We affirm the judgment and order confirming sale in this mortgage foreclosure action where defendants failed to rebut U.S. Bank's *prima facie* showing that it had standing to foreclose and failed to adequately raise any arguments invalidating the circuit court's judgment.

¶ 2    Defendants, Leeroy Murphy and Barbara Townsend-Murphy, appeal from orders of the circuit court of Cook County approving the report and sale and distribution and confirming the sale of their home. On appeal, defendants contend that plaintiff, U.S. Bank, National Association, As Trustee For Mortgage Pass-Through Certificates 1998-R1 (U.S. Bank), did not have standing to foreclose the mortgage because U.S. Bank was not the original mortgagee and failed to provide evidence that it had the capacity to foreclose on the mortgage. Defendants assert that U.S. Bank failed to produce the original copies of the mortgage and note in the circuit court and failed to adequately demonstrate that it currently held the mortgage and note. U.S. Bank responds that defendants waived any argument regarding U.S. Bank's standing to foreclose by not raising it as an affirmative defense in the circuit court and that the record established *prima facie* evidence that it owned the note and was entitled to foreclose. For the reasons that follow, we affirm the judgment of the circuit court.

¶ 3                                    I. BACKGROUND

¶ 4    On August 23, 2016, U.S. Bank filed a complaint to foreclose a mortgage on the property owned by defendants located at 10033 South Charles Street in Chicago, Illinois. The mortgage was originally issued to Mid-America Mortgage Corporation (Mid-America) and recorded in September 1993. In its complaint, U.S. Bank contended that defendants had not paid the monthly installments on the mortgage since July 1, 2009, and the principal balance due on the note and mortgage was $88,329.94. U.S. Bank contended that it brought this action as the mortgagee under Section 15-1208 of the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-1208 (West 2016)).

¶ 5    U.S. Bank attached a copy of the subject mortgage and note to the complaint. The note is made payable to Norwest Mortgage Inc. (Norwest). U.S. Bank also attached an allonge dated October 27, 1997, showing that the note transferred from the Secretary of Housing and Urban

Development (HUD) to Ocwen Federal Bank, FSB (Ocwen). A second allonge, dated March 11, 1998, showed a transfer of the note from Ocwen to LaSalle National Bank, as Trustee for the registered holders of Ocwen Residential MBS Corporation, Series 1998-R1 (LaSalle Bank). A third allonge showed the transfer of the note from "U.S. Bank National Association, as Trustee, successor in interest to Bank of America National Association, as trustee, successor by merger to Lasalle Bank National Association, as trustee for the registered holders of Ocwen Residential MBS corporation, series 1998-R1 by its attorney in fact Ocwen Loan Servicing" to U.S. Bank.

¶ 6 On November 8, 2016, after defendants had failed to appear, U.S. Bank filed a motion for entry of an order of default and judgment of foreclosure and sale. U.S. Bank attached to its motion several documents showing the assignment of the mortgage. The mortgage was initially assigned from Mid-America to Norwest. Norwest then assigned the mortgage to HUD. HUD then assigned the mortgage to Ocwen. Ocwen assigned the mortgage to "Bank of America, National association as successor by merger to LaSalle Bank National Association, as trustee for the certificateholders of the mortgage pass-through certificates 1998-R1" (Bank of America). A final assignment of mortgage exhibit showed the assignment of the mortgage from Bank of America to U.S. Bank.

¶ 7 Without appearing in the circuit court, defendants filed a notice of appeal asking the appellate court to "[r]eturn Circuit Court case 16-CH-011125, back to Federal Courts case 1:12-CV-4299 [*sic*] as a Criminal case and not a foreclosure as reasons [*sic*] stated on a separate sheet of paper." The appellate court subsequently granted defendants' motion to dismiss that appeal. U.S. Bank again moved for a default judgment and judgment of foreclosure and sale.

¶ 8 On May 25, 2017, defendants filed a *pro se* motion to dismiss U.S. Bank's motion for a judgment of foreclosure. In their motion, defendants contended that U.S. Bank originally filed this action in federal court in June 2012. Defendants asserted that U.S. Bank abandoned the federal

court action when it "failed to establish its ownership and withdrew its case." Defendants asserted that because U.S. Bank had voluntarily dismissed the action, it had one year in which to refile the action. Defendants asserted that the court should dismiss the judgment of foreclosure because U.S. Bank voluntarily dismissed the federal court action and failed to refile the case within the limitations period. Defendants then filed, through counsel, a motion for substitution of judge for cause because the judge stated during a hearing that "[U.S.] Bank is the owner of the mortgage." Defendants stated that they believed this statement demonstrated that the judge had "predetermined a crucial issue in this case." The court granted defendants' motion and the case was transferred to a new judge. Defendant also filed, through counsel, an answer to the foreclosure complaint. Defendants admitted or denied various allegations in U.S. Bank's complaint, but did not raise any affirmative defenses.

¶ 9    U.S. Bank moved for summary judgment asserting that defendants had failed to submit supporting documentation demonstrating that there was a genuine issue of material fact. Rather than respond to U.S. Bank's motion as directed by the court's scheduling order, defendants filed a motion pursuant to Illinois Supreme Court Rule 191(b) (eff. Jan. 4, 2013) for additional discovery. Defendants contended that U.S. Bank had attached uncertified copies of the note and mortgage and several allonges and assignments to its motion for summary judgment. Defendants asserted that the "note contains purported assignments by persons who purport to have authority to execute the documents but no authority for the signors are attached." Defendants asserted that there were no documents "which actually grant the signatories legal authority to execute any of the allonges or assignments." Defendants requested documents showing grants of authority to the various signatories on the allonges and assignments. U.S. Bank subsequently withdrew its motion for summary judgment and defendants' Rule 191(b) motion was withdrawn as moot. U.S. Bank filed

a second motion for summary judgment and judgment of foreclosure and sale and defendants filed a second Rule 191(b) motion for additional discovery.

¶ 10    After further hearings, which are evidenced in the record, but not included in a report of proceedings, the circuit court entered a judgment of foreclosure and sale. The court found that "[b]ased upon the pleadings, proofs and admissions, [U.S. Bank] has standing, capacity and authority to maintain this cause." The court further stated that defendants' redemption period would expire on September 22, 2018. The court also granted U.S. Bank's motion for summary judgment. The court denied Defendants' 191(b) motion in a separate order finding that the court had "viewed the original note and original mortgage."

¶ 11    Following the court's order, defendants filed a *pro se* motion in which they stated that the summary judgment and judgment of foreclosure and sale orders were entered against them because, unbeknownst to them, their attorney failed to appear in court. In their motion, defendants stated that they possessed evidence demonstrating that since October 1997, Ocwen, not U.S. Bank, held their mortgage. The court interpreted this motion as a motion to "vacate/reconsider" the judgment of foreclosure and summary judgment order, and struck the motion because defendants were represented by counsel at the time they filed the motion. On the same day, the court granted defendants' counsel leave to withdraw. A notice of sale was then entered indicating that the subject premises would be sold at a judicial sale on September 25, 2018.

¶ 12    Defendants filed *pro se* appearances on September 4, 2018, and filed a motion to dismiss on September 19, 2018, but the notice of motion set a hearing date for October 16, 2018. In their motion, defendants contended that U.S. Bank lacked standing to foreclose.

¶ 13    U.S. Bank filed the certificate of sale on October 9, 2018, indicating that the property was sold at a judicial sale on September 25, 2018. U.S. Bank also filed a motion for an order approving

the report of sale and distribution. On October 16, 2018, the circuit court set a briefing schedule on defendants' motion to dismiss and U.S. Bank's motion to confirm the sale. U.S. Bank filed a reply to defendants' motion in which it contended that it did not have a burden to prove standing and that the attachments to its pleadings adequately proved its standing to foreclose. Defendants filed a response in which they argued that U.S. Bank was precluded from bringing an action that it had previously brought in another court.

¶ 14　　On February 6, 2019, the court entered an order granting defendants 35 days to respond to U.S. Bank's motion for summary judgment. The court added, "[t]o clarify, summary judgment and judgment remain in effect." In their response, defendants argued, through counsel, that U.S. Bank failed to meet its burden of proof on summary judgment. After further briefing, U.S. Bank filed a motion to substitute judge as a matter of right. The motion was granted, and the case was reassigned to a new judge. U.S. Bank then filed another motion for an order approving the report of sale and distribution. The circuit court subsequently struck defendant's motion to dismiss.

¶ 15　　On May 30, 2019, the court entered an order setting a briefing schedule for the parties to file memoranda of law regarding how the February 6, 2019, order, entered by a different judge, should be construed. Following extensive briefing by both parties, the circuit court determined that the February 6, 2019, order was entered to allow supplemental briefing to create a more complete record. The court found, however, that the additional briefing allowed by the order could not be considered a motion to reconsider the summary judgment order.

¶ 16　　After further briefing, the court entered an order approving report of sale and distribution, confirming the sale, and an order of possession. This appeal follows.

¶ 17　　　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 18 On appeal, defendants contend that U.S. Bank failed to present evidence demonstrating how it came to hold defendants' mortgage. Defendants assert that U.S. Bank failed to present the original note and that it did not establish the chain of custody showing the transference of the mortgage. Defendants further contend that they were denied the right to modify or otherwise remediate their mortgage delinquency. Defendants ask this court to overturn the order confirming the sale.

¶ 19 Section 15-1508(b) of the Mortgage Foreclosure Law (735 ILCS 5/15-1508(b) (West 2016)), confers broad discretion on circuit courts to approve or disapprove judicial sales. That section provides that the court shall enter an order confirming the sale unless the court finds that: (i) notice of the sale was not given in accordance with section 15-1507(c) of the Mortgage Foreclosure Law, (ii) the terms of the sale were unconscionable, (iii) the sale was conducted fraudulently, or (iv) justice was otherwise not done. See 735 ILCS 5/15-1508(b) (West 2016). We review the exercise of the court's discretion in approving or disapproving judicial sales under an abuse of discretion standard. *Bank of America, National Ass'n v. Adeyiga*, 2014 IL App (1st) 131252, ¶ 116. We review *de novo* an order granting a motion for summary judgment. *U.S. Bank National Ass'n v. Gold,* 2019 IL App (2d) 180451, ¶ 7.

¶ 20                                    A. Defendants' Briefs

¶ 21 At the outset, we note that defendants' brief fails to comply with Supreme Court Rule 341 (eff. May 25, 2018), which governs appellate briefs. Defendants' brief does not contain a statement of facts in compliance with Rule 341(h)(6), which requires the appellant's brief to contain a statement of facts necessary to an understanding of the case with appropriate reference to the pages of the record. Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018). Similarly, Rule 341(h)(7) requires citation to the record in the argument section of an appellant's brief. Ill. S. Ct. R. 341(h)(7) (eff.

May 25, 2018). Defendants do not cite to the record in any section of their brief. The brief also fails to comply with Rules (h)(1), (h)(2), (h)(3), and (h)(4) in that it lacks a "Points and Authorities" section, an introductory paragraph, a statement of the issues presented for review, and a statement of jurisdiction. Ill. S. Ct. R. 341(h)(1)-(4) (eff. May 25, 2018) Defendants' brief is also disorganized and contains sporadic references to unrelated cases and commentary on the mortgage foreclosure process.

¶ 22     Our supreme court has stated that Illinois Supreme Court rules "are not aspirational. They are not suggestions. They have the force of law, and the presumption must be that they will be obeyed and enforced as written." (Internal quotation marks omitted.) *Rodriguez v. Sheriff's Merit Commission of Kane County*, 218 Ill. 2d 342, 353 (2006) (quoting *Roth v. Illinois Farmers Insurance Co.*, 202 Ill. 2d 490, 494 (2002)). We are cognizant of defendants' *pro se* status, but recognize that *pro se* litigants must comply with the applicable court rules. See *In re Estate of Pellico*, 394 Ill. App. 3d 1052, 1067 (2009) ("we note that *pro se* litigants are presumed to have full knowledge of applicable court rules and procedures and must comply with the same rules and procedures as would be required of litigants represented by attorneys.") (citing *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 528 (2001)). We recognize that where an appellant's brief fails to comply with supreme court rules, it is within this court's inherent authority to strike the brief for noncompliance with Rule 341 or dismiss the appeal entirely. *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14. We recognize, however, that striking a brief or dismissing an appeal for failure to comply with supreme court rules is a harsh sanction. *Id.* As such, despite the numerous deficiencies in defendants' brief, we nonetheless will reach the merits of this appeal. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 19

(citing *Estate of Jackson*, 354 Ill. App. 3d 616, 620 (2004) (reviewing court may choose to review the merits, even in light of multiple Rule 341 mistakes)).

¶ 23                                B. U.S. Bank's Standing to Foreclose

¶ 24    Defendants' arguments on appeal essentially amount to a contention that U.S. Bank did not have standing to foreclose on their mortgage because U.S. Bank did not demonstrate before the circuit court that it held the mortgage or note. U.S. Bank contends that defendants' have forfeited this argument for review by failing to raise it as an affirmative defense in the circuit court. We acknowledge that standing is an affirmative defense that will be forfeited if not timely raised in the trial court (*Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 6 (2010)), but we nonetheless find no forfeiture.

¶ 25    Although defendants did not specifically raise U.S. Bank's lack of standing in its answer or as an affirmative defense, the record shows that U.S. Bank's standing to foreclose was a central issue in the circuit court. For instance, in defendants' May 25, 2017, motion to dismiss, they contended that U.S. Bank was forced to abandon its federal court action when it "failed to establish its ownership" of the note. Similarly, in defendants' motion for substitution of judge for cause, defendants argued that the case should be transferred to another judge because the judge stated during a hearing that [U.S.] Bank is the owner of the mortgage." Defendants stated that they believed this statement demonstrated that the judge had "predetermined a crucial issue in this case." In addition, in their Rule 191 motion for additional discovery, defendants challenged the authenticity of the allonges and assignment documents attached to U.S. Bank's pleadings, and, thus, challenged U.S. Bank's ownership of the mortgage and note and standing to foreclose. Thus, U.S. Bank's standing to foreclose was a central issue in the trial court and we find no forfeiture.

¶ 26    Nonetheless, the record demonstrates that defendants failed to rebut U.S. Bank's *prima facie* case that it had standing to foreclose. Under the Mortgage Foreclosure Law, an action to foreclose may be brought by the mortgagee, an agent, the legal holder of the indebtedness, or a successor of the mortgagee. See 735 ILCS 5/15-1504(a)(3)(N) (West 2016); *Barnes*, 406 Ill. App. 3d at 7. To establish a *prima facie* case, the plaintiff in a mortgage foreclosure action must file a complaint that complies with the pleading requirements of section 15-1504(a) of the Mortgage Foreclosure Law and must attach a copy of the note and the mortgage to the complaint. See 735 ILCS 5/15–1504(a), (b) (West 2016); *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 35. The mere fact that the plaintiff attached a copy of the note to the complaint is *prima facie* evidence that the plaintiff owns the note. *Parkway Bank and Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24. Although the plaintiff in a mortgage foreclosure action is not required to allege facts necessary to establish standing, the plaintiff must allege in the complaint, as a pleading requirement, the capacity in which the plaintiff brings the action to foreclose. See 735 ILCS 5/15– 1504(a)(3)(N) (West 2016); *Barnes*, 406 Ill. App. 3d at 5. Once the plaintiff has established a *prima facie* case for foreclosure, the burden shifts to the defendant to prove any affirmative defenses that the defendant has raised, including the lack of standing. *Rosestone Investments, LLC*, 2013 IL App (1st) 123422, ¶¶ 24-25.

¶ 27    In this case, U.S. Bank filed a mortgage foreclosure complaint that complied with the pleading requirements of the Mortgage Foreclosure Law and attached a copy of the note and mortgage to the complaint. In its complaint, U.S. Bank alleged that it was bringing the mortgage foreclosure action as the mortgagee under Section 15-1208 of the Mortgage Foreclosure Law (735 ILCS 5/15-1208 (West 2016)). U.S. Bank then attached allonge and assignment documents showing the transference of the mortgage and note from Mid-America and Norwest to other

financial institutions and then, eventually, to U.S. Bank. Despite defendants' contention that U.S. Bank failed to introduce the original note in the circuit court, the record shows that in granting U.S. Bank's motion for summary judgment, the circuit court stated that it had "viewed the original note and original mortgage." By filing a proper complaint with the appropriate documents attached,[1] U.S. Bank established a *prima facie* case for mortgage foreclosure (See 735 ILCS 5/15–1504(a), (b) (West 2012); *Korzen*, 2013 IL App (1st) 130380, ¶ 24) and its complaint was legally and factually sufficient and included allegations relative to standing (*Barnes*, 406 Ill. App. 3d at 6). The burden then shifted to defendants to establish an affirmative defense—that U.S. Bank lacked standing to enforce the mortgage. See *Rosestone Investments, LLC*, 2013 IL App (1st) 123422, ¶¶ 25.

¶ 28    Here, defendants failed to meet their burden by establishing U.S. Bank's lack of standing. Defendants merely raised blanket, unsupported contentions regarding the authority of the signatories to the allonges and assignments and summarily asserted that another financial institution held the mortgage, not U.S. Bank. These baseless contentions were insufficient to satisfy defendant's burden in rebutting U.S. Bank's *prima facie* case of standing.

¶ 29    In their briefs before this court, defendants make a few other cursory contentions, including contentions centered around a 2012 federal court action brought by U.S. Bank and contentions regarding their right to modify or remediate the mortgage delinquency. None of these arguments are appropriately supported in the record or in defendants' brief such that we may properly address them. There is simply nothing in the record concerning the federal court action aside from a few

---

[1] Supreme Court Rule 113(b) (eff. July 1, 2018) requires plaintiffs in mortgage foreclosure actions to attach to the complaint the present copy of the note, as well as all endorsements and alloges. Here, U.S. Bank satisfied this requirement.

scattered documents attached to defendants' pleadings. With regard to defendants' right of redemption, the judgment of foreclosure and sale plainly stated that defendants' redemption period would expire on September 22, 2018. There is nothing in the record to suggest defendants took any action to exercise their right of redemption, and defendants do not suggest they took any such action. We observe that if defendants wished us to address these contentions it was their responsibility to not only adequately outline the arguments in their briefs, but also to provide a complete record on appeal, including a report of proceedings or an appropriate substitute, as required by Illinois Supreme Court Rule 323 (eff. July 1, 2017). *Rock Island County v. Boalbey*, 242 Ill. App. 3d 461, 462 (1993). Defendants have failed to do so and thus we presume that the orders entered by the trial court were in conformity with the law and had a sufficient factual basis and we resolve any doubts which may arise from the incompleteness of the record against the defendants. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). As such, we find no support for defendants' contentions. Accordingly, we find that the trial court did not abuse its discretion in approving the judicial sale of the subject property. We also find no genuine issue of material fact precluding the court's entry of summary judgment.

¶ 30                                III. CONCLUSION

¶ 31    For the reasons stated, we affirm the judgment of the circuit court of Cook County.

¶ 32    Affirmed.