2024 IL App (1st) 231083-U

Fourth Division
Filed July 3, 2024

No. 1-23-1083

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent
except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| FIFTH THIRD BANK, as Successor by Merger to Fifth Third Mortgage Company, | ) ) ) | |
|     Plaintiff-Appellee, | ) ) | |
|   v. | ) ) | Appeal from the Circuit Court of Cook County |
| DERRICK RUMBOLT, NAOMI C. RUMBOLT, CITY OF EVANSTON, ILLINOIS HOUSING DEVELOPMENT AUTHORITY, UNKNOWN OWNERS, and NON-RECORD CLAIMANTS, | ) ) ) ) ) | No. 2015 CH 06528 The Honorable Edward N. Robles, |
|     Defendants | ) ) | Judge, presiding. |
| (Derrick Rumbolt and Naomi C. Rumbolt, Defendants-Appellants). | ) ) ) | |

JUSTICE OCASIO delivered the judgment of the court.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held:*  The trial court's judgement foreclosing the mortgage and confirming the sale was affirmed where (1) the plaintiff bank had standing to bring a foreclosure action, (2) a modification to the mortgage agreement did not void the terms of the original agreement not altered by the modification, and (3) any other claims of error were forfeited.

¶ 2    In this mortgage foreclosure action, defendants, Derrick Rumbolt and Naomi C. Rumbolt,

the mortgagors and owners of the mortgaged property, appeal from the order approving the sale of

their property and argue that the trial court erred in granting summary judgment in favor of plaintiff, Fifth Third Bank, on its complaint. We affirm.

¶ 3                              BACKGROUND

¶ 4     On October 2, 2008, the Rumbolts executed a promissory note in favor of Fifth Third Mortgage Company, now Fifth Third Bank, secured by a mortgage lien on property located at 1822 Madison Street, Evanston, Illinois 60202 (the Property). On the same date, the Rumbolts executed a mortgage on the Property to secure the indebtedness under the note. Fifth Third Mortgage Company was listed on the mortgage as "Lender". The Rumbolts ran into financial hardship in 2010 while residing at the Property. In August 2010, the Rumbolts and Fifth Third Bank both entered into an agreement and the loan was modified pursuant to the Home Affordable Modification Agreement. The Federal Home Loan Mortgage Corporation, also known as Freddie Mac, became an investor of the loan after reconstructing the terms of the loan.

¶ 5                              The Pleadings

¶ 6     On April 20, 2015, Fifth Third Bank filed a complaint to foreclose the Rumbolts' mortgage. The complaint simply alleged that the Rumbolts failed to make the monthly payments due under the loan agreement as of October 1, 2014.

¶ 7     On September 17, 2015, Fifth Third Bank filed their first amended complaint. On July 27, 2017, the second amended complaint was filed. The second amended complaint was based on the same payment default, and it alleged that Fifth Third Bank was "the mortgagee" and the holder of the indebtedness based on the attached note.

¶ 8     On December 6, 2017, the Rumbolts filed an answer to the second amended complaint. As relevant to this appeal, the answer asserted an affirmative defense alleging that Fifth Third Bank lacked standing because it was not the legal "holder" of the note and that the owner of the loan was Freddie Mac, not Fifth Third Bank. The answer further alleged that a Fifth Third Bank employee had revealed during a discovery deposition that the loan was owned by Freddie Mac.

2

¶ 9    On November 5, 2018, Fifth Third Bank filed a response admitting that its employee had given the testimony recited in the Rumbolts' answer but denying that it was not the legal holder of the note.

¶ 10                    The Rumbolts' Motion for Summary Judgment

¶ 11    On July 14, 2020, the Rumbolts filed a motion for summary judgment asserting that Fifth Third Bank lacked standing insofar as it did not hold any legal interest in the subject property. In support of their motion, the Rumbolts attached a partial transcript of the Fifth Third Bank employee's deposition where the employee stated that Fifth Bank was not servicing Rumbolts' loan for Freddie Mac.

¶ 12    In its response, Fifth Third Bank argued that the Rumbolts had not met their burden of demonstrating that it lacked standing. In support, Fifth Third Bank submitted an affidavit sworn by an officer and affidavit analyst for Fifth Third Bank. The affidavit stated that Freddie Mac "was the owner investor of" the mortgage loan and Fifth Third Bank was authorized, and had been authorized when the complaint was filed, bring this foreclosure by and on behalf of Freddie Mac.

¶ 13    On April 7, 2021, the trial court denied the Rumbolts' motion for summary judgment and entered an order finding that "the owner of the note and mortgage is not relevant or a required element of proof for the Fifth Third Bank and that the allegation that Fifth Third Bank is the holder of the indebtedness is sufficient, as well as for other reasons stated on the record."

¶ 14    On May 6, 2021, the Rumbolts filed a motion asking the court to vacate the order denying their request for summary judgment and to clarify the basis of its decision, arguing that Fifth Third Bank had not refuted their claim that it lacked standing. The court denied the motion to vacate on June 9, 2021.

¶ 15    On July 8, 2021, the Rumbolts filed a motion to reconsider, arguing that Fifth Third Bank had failed to provide evidence that it was either an investor or owner of the subject loan and, therefore, lacked standing. On August 12, 2021, the trial court denied the motion to reconsider, finding that ownership of the Note is not a prerequisite under section 5/15-1404 of the Illinois

Mortgage Foreclosure Law (735 ILCS 5/15-1404 (West 2020)) and that Fifth Third Bank's admission that it was not the owner of the mortgage or the note did not create an issue of material fact as to Fifth Third Bank's standing. The trial court relied on section 15-1404(a)(3)(N), which states that a foreclosure is deemed sufficient as to standing if the plaintiff alleges it is the "legal holder of the indebtedness." 735 ILCS 5/15-1404(a)(3)(N) (West 2020).

¶ 16                    Fifth Third Bank's Motion for Summary Judgement

¶ 17    Fifth Third Bank then filed a motion for summary judgment and a motion for judgment of foreclosure. The respective motions were supported by an affidavit, in compliance with Supreme Court Rule 113, stating the amount the Rumbolts owed and rebutting the Rumbolts' charge that Fifth Third Bank lacked standing. On August 24, 2022, the trial court granted summary judgment in favor of Fifth Third Bank and entered a judgement of foreclosure against the Rumbolts.

¶ 18    Pursuant to the judgment of foreclosure, the property was sold at a foreclosure sale. Fifth Third Bank moved the court to approve the sale. The Rumbolts objected and argued that they were not given proper notice of the sale and reiterated their claim of lack of standing.

¶ 19    On June 13, 2023, the trial court entered an order finding that the Rumbolts were given timely notice of the November 29, 2022 sale by both mail and email service. The trial court also found that the Rumbolts' objections as to Fifth Third Bank's standing were not proper objections to Fifth Third's motion to approve the sale. See 735 ILCS 5/15-1508 (West 2020). The trial court concurrently entered an order approving the foreclosure sale.

¶ 20    On June 14, 2023, the Rumbolts filed a notice of appeal.

¶ 21                                ANALYSIS

¶ 22    At issue in this appeal is the trial court's order granting summary judgment in favor of Fifth Third Bank. A trial court may grant summary judgment only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2020). We review the trial court's decision to grant summary judgment *de novo*.

*Country Mutual Insurance Co. v. Under Construction & Remodeling, Inc.*, 2021 IL App (1st) 210600, ¶ 23.

¶ 23    In the case at bar, the Rumbolts' primary contention is that the trial court erred in granting Fifth Third Bank's motion for summary judgment and granting the order approving the foreclosure sale where Fifth Third Bank lacked standing to pursue this foreclosure action. The Rumbolts contend that because Fifth Third Bank is not the legal "holder" of the note, and the owner of the loan is Freddie Mac, Fifth Third Bank lacks standing. "The doctrine of standing is designed to preclude persons who have no interest in a controversy from bringing suit" and "assures that issues are raised only by those parties with a real interest in the outcome of the controversy." *Deutsche Bank National Trust Co. v. Iordanov*, 2016 IL App (1st) 152656, ¶ 34. Our supreme court has stated that the "lack of standing in a civil case is an affirmative defense, which will be waived if not raised in a timely fashion in the trial court." *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508 (1988). The Rumbolts have the burden to plead and prove the affirmative defense of standing. *Deutsche Bank*, 2016 IL App (1st) 152656, ¶ 34.

¶ 24    The Rumbolts argue that Fifth Third Bank lacked standing because Freddie Mac is the investor and owner of the note. We disagree. Illinois does not require that a foreclosure action be filed by the owner of the note and mortgage. *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 7 (2010). Fifth Third Bank had standing to file this foreclosure action "although the beneficial ownership of the note is in another person." *Id.* Section 15-1504(a)(3)(N) of the Illinois Mortgage Foreclosure Law allows the legal holder of the indebtedness, a pledgee, an agent, or a trustee to bring a foreclosure suit. 735 ILCS 5/15-1504(a)(3)(N) (West 2020). In this case, Fifth Third Bank is the original mortgagee, the current mortgagee, and the holder of the indebtedness as demonstrated through the copy of the mortgage, the copy of the note, and the loan modification agreement which were attached to the complaint. All the attached loan documents named Fifth Third Bank as the mortgagee and payee. Fifth Third also submitted an affidavit attesting that it was authorized to bring a foreclosure claim on behalf of Freddie Mac at the time the complaint was filed.

¶ 25     The trial court found that "the owner of the note and mortgage is not relevant or a required element of proof for the Fifth Third Bank and that the allegation that Fifth Third Bank is the holder of the indebtedness is sufficient." We agree with the trial court. See *Barnes*, 406 Ill. App. 3d at 7. Fifth Third Bank sufficiently showed that they are the holder of the indebtedness through the attached loan documents where it states that Fifth Third Bank is the lender.

¶ 26     The Rumbolts also argue that the October 2008 mortgage agreement that Fifth Third Bank attached to their complaint is null and void due to the loan modification. Citing *Hulcher v. Adcock*, 25 Ill. App. 2d 255 (1960), the Rumbolts argue that a lawsuit to enforce a modified or amended contract must be brought on that modified agreement and not the original contract. The Rumbolts allege that Fifth Third Bank pursued this foreclosure under the original 2008 mortgage agreement instead of the modified loan agreement and without the authorization of "Fannie Mae" (*sic*) to hide facts from the trial court and make misrepresentations. Fifth Third Bank contends that, except for what the parties have agreed to modify, the terms of the original agreement are preserved when a mortgage and note are modified under a loan modification agreement. "The law regards a modified contract as creating a new single contract consisting of the terms of the earlier contract the parties have not changed in addition to the new terms." *First American Bank v. Poplar Creek, LLC*, 2020 IL App (1st) 192450, ¶ 26. We agree with Fifth Third Bank that the modified agreement does not void or nullify the original loan agreement. The modified agreement titled Home Affordable Modification Agreement states that

> "all terms and provisions of the Loan Documents, except as expressly modified by this agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents."

The modification agreement explicitly states that the original loan documents remain in effect, except for the terms that were modified.

¶ 27 Finally, we find that, by filing an inadequate brief, the Rumbolts have forfeited any other contentions of error that they may have attempted to raise on appeal. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) "requires appellants to include cohesive argument and citation to relevant authority to support each of their claims of error." *Holt v. City of Chicago*, 2022 IL App (1st) 220400, ¶ 3. We acknowledge that the Rumbolts are proceeding *pro se*, but we are unable to circumvent the rules to grant an exception for a brief that fails to adhere to the rules. *U.S. Bank Trust National Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 20. Although the Rumbolts' brief cites dozens of authorities for various propositions, it does not contain a coherent argument about how those authorities apply in this case or support their claims of error. "A reviewing court *** is not a repository into which an appellant my foist the burden of argument and research." *Obert v. Saville*, 253 Ill. App. 3d 677, 682 (1993). We are "entitled to have issues clearly defined with pertinent authority cited and coherent arguments presented." *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991). As the Rumbolts' brief does not adequately present any issues other than the two we have already addressed, they have forfeited review of any other alleged error.

¶ 28 We find that the trial court did not err when it granted summary judgment in favor of Fifth Third Bank and approved the foreclosure sale.

¶ 29 CONCLUSION

¶ 30 For the reasons stated, we affirm the judgment of the trial court.

¶ 31 Affirmed.